UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-80 (KMM/EMB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSHUA DOYLE,

        Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Lack of Probable Cause (ECF No. 21). The Government opposes this motion for the reasons set forth below.

Doyle moves this Court to dismiss the information for lack of probable cause alleging that there is "simply no evidence the government can produce in this case that establishes probable cause that any HSI employee suffered an injury or that a reasonable law enforcement officer would have been in fear of immediate bodily harm." (ECF No. 21). Doyle's motion fails, however, because as a matter of law, he is not entitled to challenge the information based on an alleged lack of probable cause.

Federal Rule of Criminal Procedure 12 governs pretrial motions in a criminal case. Rule 12(b)(1) provides that a party may raise by pre-trial motion any defense that "the court can determine without a trial on the merits." Under Fed. R. Crim. P. Rule 12(d), the court must resolve every pretrial motion before trial "unless it finds good cause to defer a ruling" and deferral will not adversely affect a party's right to appeal." Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that "fall [] within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). Furthermore, there is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial. *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (citing *United States v. Nabors,* 45 F.3d 238 (8th Cir. 1995)). Permitting summary judgment like motions under Fed. R. Crim. P. 12(b) would enable an end-run around the calibrated framework for discovery in criminal cases. *Id.* at 607. Therefore, Rule 12 permits pretrial resolution of a motion to dismiss the indictment ***only when*** "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010)). In considering a motion to dismiss, a district court may not "make

factual findings when an issue is inevitably bound up with evidence abut the alleged offense itself." *Id.* (citing *Turner*, 842 F.3d at 605).

Here, Doyle argues that there is "simply no evidence the Government can produce in this case that establishes probable cause that any HSI employee suffered an injury or that a reasonable law enforcement officer would have been in fear of immediate bodily harm." (ECF No. 21 at 3). This argument invites the Court to take up the mantle of the ultimate factfinder in the case and engage in precisely the kind of summary judgment-like procedure that the Eighth Circuit has said is not available in criminal cases. Moreover, in arguing that there is no probable cause to support an assault on a federal officer, Doyle conveniently fails to make note of the fact that the information also alleges that Doyle did forcibly "resist, oppose, impede, intimidate, and interfere" with officers. (ECF No. 12).[1] As even Doyle seems to acknowledge in his own motion, there is evidence that Doyle struck the victim officer through reports provided in discovery. Yet, Doyle makes no argument that Doyle's conduct is insufficient to constitute resisting, opposing, impeding, intimidating, or interfering with officers within the meaning of the statute. The severity of the kick, the degree of bodily harm, the mental state of the victim officer and witness, and whether

---

[1] The Eighth Circuit Model Instruction 6.18.111 provides the following in the 'Notes on Use' section: "1. The wording of the introductory paragraph and Elements One and Three…must be modified to conform to the indictment if forcibly "resists, opposes, impedes, intimidates, or interferes…on account of the performance of his (her) official duties" is charged."

the defendant's actions meet the elements of the crime charged is a matter for the fact finder.

Because Doyle's motion would require this court to resolve factual issues and therefore would require it to conduct a trial on the merits, contrary to Fed. R. Crim. P. Rule 12(b) and (d) this motion should be denied. *See Grubb*, 135 F.4th at 607.

Moreover, and as correctly stated in Doyle's motion, *see* ECF No. 21, an Information generally cannot be challenged for lack of probable cause. *See United States v. Funk*, 412 F.2d 452. 455 (8th Cir. 1969). Indeed, by the use of the information for lesser crimes, the issues of probable cause and guilt become merged and tried together. *Id* at 455.

Doyle cites *Nabors*, 45 F.3d at 240, and nothing else, for the proposition that "courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense."" (ECF No. 21). This use of *Nabors* is misleading. In *Nabors,* the Eighth Circuit did not hold that an information can be challenged for a lack of probable cause "when no reasonable construction can be said to charge the offence." 45 F.3d at 240. Rather, the Eighth Circuit examined the sufficiency of the Government's indictment as a matter of law, and not for a lack of probable cause. *See Id* at 240.

Finally, an independent judge has found probable cause. Federal Judge Dulce J. Foster found probable cause to support the charges against the defendant by signing the complaint against Doyle. (ECF No. 1). The only thing that has changed here is the charging instrument, and thus, this court has already found a factual basis supporting probable cause. *Id.*

### CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Doyle's Motion to Dismiss for Lack of Probable Cause.

Dated: March 21, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney