UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-80 (KMM/EMB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSHUA DOYLE,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A GAG ORDER**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response to defendant Joshua Doyle's Motion for a Gag Order. (ECF No. 19.) The defendant requests that the Court prohibit the Government from making further comments about the defendant, and order the Attorney General of the United States to remove an X post from January 28, 2026. (ECF No. 19 at 5-6.) The defendant has not shown that these prohibitions are justified or required.

As the defendant concedes, gag orders as a restraint on speech, are "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) (ECF No. 19 at 6). Courts recognize that any system of prior restraints of expression bears a heavy presumption against its constitutional validity. *See Capital Cities*

*Media, Inc. v. Toole*, 463 U.S. 1303, 103 S. Ct. 3524 (1983). The moving party bears a heavy burden to show justification for the imposition of such a restraint. *Id* (citing *New York Times Co. v. United States*, 403 U.S. 713, 91 S. Ct. 2140 (1971)). Although Due Process requires that the accused receive a fair trial by an impartial jury, the defendant seeking a gag order must make a showing that essential unfairness would occur, and as a demonstrable reality, as opposed to as a matter of speculation. *See Beck v. Washington*, 369 U.S. 541, 82 S. Ct. 955 (1962). Rule 16(d)(1) requires "good cause" to issue a protective order. "Good cause" is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007).

The defendant has not met this heavy burden in this case. The defendant alleges that the Attorney General's January 28, 2026, X post was a "partisan statement from an agency head" and was a "rallying call to over half the population that people like Mr. Doyle are standing in the way of President Trump and his policies." (ECF No. 19). The defendant further alleges that the post attempts to undermine his presumption of innocence by asserting that he has been "resisting and impeding our federal law enforcement agents." (ECF No. 19). The defendant contends that these statements coupled with his booking photo are prejudicial. (ECF No. 19).  However, these arguments do not in any way establish a clear danger that these posts would prejudice his right

2

to a fair trial. The X photo referenced in the defendant's brief was taken about a week after events alleged in the charged offense. (ECF No. 1 at 2-3.) There is nothing about the Attorney General's social media post that relates to an element of the offense charged in this case, and the government has alleged no wrongdoing by the defendant after his arrest. Thus, the request for a gag order relates only to matters outside the scope of these proceedings. The defendant's right to a fair trial is not seriously threatened by the X post or any comments by government officials. The defendant's motion is without merit.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny the defendant's motion for a gag order.

Dated: March 26, 2026                    Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ John R. Arboleda___*
BY: John R. Arboleda
Special Assistant U.S. Attorney

3